# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NATURAL POLYMER<br>INTERNATIONAL CORPORATION | §<br>§<br>§ | |
| v. | § <br> § | Civil Action No. 4:18-CV-00667<br>Judge Mazzant |
| THE HARTZ MOUNTAIN<br>CORPORATION | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant the Hartz Mountain Corporation's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #8). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On August 22, 2018, Plaintiff Natural Polymer International Corporation filed its Original Petition in the 366th Judicial District Court of Collin County, Texas (Dkt. #1-1). Plaintiff removed the case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332 on September 21, 2018 (Dkt. #1).[1] Pursuant to the Court's Order and Advisory, Plaintiff filed an Amended Complaint on October 25, 2018 (Dkt. #4; Dkt. #6). Plaintiff alleges in the Amended Complaint that it is a manufacturer of natural pet treats (Dkt. #6 ¶ 9). In 2016, Plaintiff "entered into a business relationship with Defendant whereby (i) Defendant would seek certain products and services from [Plaintiff], (ii) [Plaintiff] would provide certain products and services, and (iii) Defendant would pay [Plaintiff] for the products and services provided." (Dkt. #6 ¶ 10). The products and services referred to by Plaintiff includes, "(i) the sourcing of quality raw materials,

---

1. Plaintiff is a Delaware corporation with its principal place of business in Plano, Texas (Dkt. #1 ¶ 4; Dkt. #1-1 ¶ 3). Defendant is a New Jersey corporation with its principal place of business in Secaucus, New Jersey (Dkt. #1 ¶ 3; Dkt. #1-1 ¶ 4).

(ii) the manufacture of pet treats, (iii) the sourcing of packaging materials, and (iv) the packaging and shipment of pet treats." (Dkt. #6 ¶ 11).

In April 2017, Defendant requested that Plaintiff provide "certain products and services" pursuant to the parties' business relationship (Dkt. #6 ¶ 18). To fulfil Defendant's requests, Plaintiff "incurred significant costs by acquiring quality raw materials and packaging materials to satisfy the requests made by Defendant (the 'Purchased Materials')." (Dkt. #6 ¶ 19). After Plaintiff incurred these costs, Defendant canceled its requests (Dkt. #6 ¶ 20). At first, Plaintiff anticipated using the Purchased Materials to fulfil Defendant's future requests, but Defendant made no further requests (Dkt. #6 ¶¶ 21–22). Plaintiff claims it cannot repurpose the Purchased Materials to fulfil another customer's requests (Dkt. #6 ¶ 23). Consequently, Plaintiff sued Defendant to recover the costs incurred related to the Purchased Materials (Dkt. #6 ¶ 24). Plaintiff alleges a breach of contract claim and, in the alternative, claims for promissory estoppel and quantum meruit against Defendant (Dkt. #6 ¶¶ 25–41). In addition to other requested damages, Plaintiff seeks to recover its attorney's fees and costs related to prosecuting this suit (Dkt. #6 at p. 7).

On November 14, 2018, Defendant filed the motion to dismiss at issue (Dkt. #8). Plaintiff filed a response in opposition to the motion on December 12, 2018 (Dkt. #15). Defendant filed a reply in support of the motion on December 19, 2018 (Dkt. #16).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

In its well-researched and written motion, Defendant attaches seven purchase orders that Defendant claims form the basis of Plaintiff's breach of contract claim (Dkt. #8 at p. 11). Defendant argues "[t]hese Purchase Contracts are central components to [Plaintiff's] claims because they are the contracts that [Plaintiff] claims [Defendant] breached, and form the promises that [Plaintiff] alleges [Defendant] did not fulfil." (Dkt. #16 at p. 3). Plaintiff disputes that the purchase orders form the basis of its breach of contract claim, "there is nothing on the face of the Terms and Conditions [of the purchase orders] much less the Amended Complaint that justifies Defendant's contention that the Terms and Conditions should be read into the contract asserted by Plaintiff or that the Court should consider extrinsic evidence." (Dkt. #15 at pp. 3–4). At this point, Plaintiff alleges enough facts to raise its right to relief above the speculative level on its breach of contract claim (Dkt. #6 ¶¶ 25–31). Therefore, it is premature for the Court to decide whether the purchase orders comprise the totality of the parties' contractual agreement. As a result, Defendant's arguments that rely on the purchase orders are also premature.

Defendant further argues that Plaintiff's quantum meruit claim should be dismissed because Plaintiff fails to allege Defendant was unjustly enriched (Dkt. #8 pp. 18–19). To recover on a quantum meruit claim under Texas law, a Plaintiff must prove "'(1) valuable services and/or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the

party sought to be charged, and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient.'" *Purselley v. Lockheed Martin Corp.*, 322 F. App'x. 399, 403 (5th Cir. 2009) (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).[2] Plaintiff alleges it (1) provided valuable services and materials; (2) to Defendant; (3) Defendant accepted Plaintiff's provision of the services and materials; and (4) Defendant had reasonable notice that Plaintiff expected compensation for the services and materials (Dkt. #6 ¶¶ 38–40). Although the Court agrees with Defendant that quantum meruit is founded on the principle of unjust enrichment, Plaintiff pleads enough facts to state a quantum meruit claim without specifically stating that Defendant was unjustly enriched. *See Purselley*, 322 F. App'x. at 403.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is hereby **DENIED** (Dkt. #8).

**SIGNED this 3rd day of May, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

2. The Court cites Texas law as Plaintiff contends Texas law governs its breach of contract claim (Dkt. #15 at p. 5).