# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| NATURAL POLYMER § <br> INTERNATIONAL CORPORATION § <br> § <br> v. § <br> § <br> THE HARTZ MOUNTAIN § <br> CORPORATION § | Civil Action No. 4:18-CV-00667 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant the Hartz Mountain Corporation's Motion to Strike or, in the Alternative, to Amend Scheduling Order (Dkt. #23). Having considered the motion and the relevant pleadings, the Court finds that Defendant's request for alternative relief should be granted in part and denied in part.

## BACKGROUND

On June 13, 2019, Defendant filed the motion at issue asking the Court to strike Plaintiff's Amended Initial Disclosures or, in the alternative, extend the discovery and dispositive motions deadline by 60 days due to Plaintiff's alleged discovery abuses (Dkt. #23). As the dispositive motions deadline expired before Plaintiff's deadline to respond to Defendant's motion, the Court ordered expedited briefing (Dkt. #24). On June 18, 2019, Plaintiff filed a response to Defendant's motion (Dkt. #25). Defendant filed a reply in support of the motion on July 19, 2019 (Dkt. #26).

The discovery deadline expired on May 23, 2019 (Dkt. #14). The dispositive motions deadline is June 22, 2019. The Joint Final Pretrial Order is due November 6, 2019. The Final Pretrial Conference is set for December 6, 2019.

# ANALYSIS

Defendant claims that on May 23, 2019—the discovery deadline—Plaintiff served its Amended Initial Disclosures on Defendant asserting new categories of damages (Dkt. #23 at p. 1). Defendant also contends that on the same day Plaintiff served approximately 9,400 pages and 94 unpaginated native files on Defendant (Dkt. #23 at p. 1). Accordingly, Defendant requests the Court strike Plaintiff's Amended Initial Disclosures due to Plaintiff's gamesmanship or, in the alternative, extend the discovery and dispositive motions deadlines by 60 days to provide Defendant time to review the newly asserted claims and produced information (Dkt. #23 at p. 3).

Plaintiff responds that it did not add new categories of damages in its Amended Initial Disclosures (Dkt. #25 at p. 4). Plaintiff also argues that it timely supplemented its production of documents responsive to Defendant's discovery requests (Dkt. #25 at pp. 3–4). Plaintiff suggests that Defendant's motion is not a result of Plaintiff's gamesmanship, but is instead Defendant's attempt to gain more time for discovery because Defendant did not actively seek discovery while waiting for the Court to rule on its motion to dismiss (Dkt. #25 at p. 1).

## I. Order Governing Proceedings

The Court first addresses a preliminary matter before examining the merits of Defendant's motion. In its response, Plaintiff contends:

> Thus, the argument presented in Defendant's Motion seems to be grounded on the contention that the Initial Disclosures, while asserting the same category of damages, are deficient because they lack the detail contained in the Amended Disclosures. If that is Defendant's position, why did they fail to take a single deposition? Why did they fail to serve a single discovery request to elicit information purportedly lacking from the damages portion of the Initial Disclosures? Why did they fail to send a single letter to counsel for NPIC seeking a supplementation of the damages portion of the Initial Disclosures?

> Defendant's lack of diligence in pursuing the discovery it suddenly perceives a need for undermines any attempt to argue the existence of prejudice.

(Dkt. #25 at p. 5). In this argument and throughout the response, Plaintiff appears to contend that it had no duty to produce the documents at issue until Defendant formally requested the documents.

The Court's Order Governing Proceedings requires the parties to produce with their initial mandatory disclosures "[a] copy of all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party." (Dkt. #5 at p. 4); *see also* E.D. TEX. CIV. R. 26(d). The Order also states, "A party is not excused from making its disclosures because it has not fully completed its investigation of the case." (Dkt. #5 at p. 4). From the issuance of the Court's Order, the parties have a duty to produce all discoverable information relevant to any claim or defense, regardless of whether the opposing party has formally requested the information. Therefore, the Court reminds the parties of their duty to produce all relevant information as it is discovered, without waiting for formal discovery requests.

## II. Extensions

After a careful review of the pleadings, the Court finds no reason to strike Plaintiff's Amended Initial Disclosures as an extension of the discovery and dispositive motions deadlines can cure any prejudice that Plaintiff may have caused Defendant.

The discovery deadline expired on May 23, 2019 (Dkt. #14). The Court will extend the discovery deadline by 60 days to July 22, 2019, as requested by Defendant. For future reference, the parties should know that the Court treats the discovery deadline liberally.

The dispositive motions deadline is June 22, 2019 (Dkt. #14). As the Court explained in Appendix 1 to its Order Governing Proceedings, the Court requires parties to file dispositive

3

motions at least 110 days before the deadline for the parties to file their Joint Final Pretrial Order (Dkt. #5 at p. 8). The Joint Final Pretrial Order is due November 6, 2019 (Dkt. #14). Subtracting 110 days from November 6, 2019, the Court is left with July 19, 2019. Therefore, while the Court will not extend the dispositive motions deadline by 60 days, it will extend the deadline to July 19, 2019.

## CONCLUSION

The Court therefore **GRANTS IN PART** the alternative relief requested in Defendant's Motion to Strike or, in the Alternative, to Amend Scheduling Order (Dkt. #23). The Court **EXTENDS** the discovery deadline to **July 22, 2019**. The Court also **EXTENDS** the dispositive motions deadline to **July 19, 2019**. The Court **DENIES** all other relief requested.

**IT IS SO ORDERED.**

**SIGNED** this 20th day of June, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE